UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| COMMUNICO, LTD.,<br><br>　　　　　　　　　Plaintiff,<br><br>　- against -<br><br>DECISIONWISE, INC.,<br><br>　　　　　　　　　Defendant. | Civil Action No.:<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

　　　　Plaintiff, Communico, Ltd. ("Communico"), as and for its Complaint against Defendant DecisionWise, Inc. ("DecisionWise"), alleges as follows:

### NATURE OF THE ACTION AND RELIEF SOUGHT

　　　　1.　This action arises out of DecisionWise's blatant and willful violation of Communico's valuable trademark rights in and to a series of marks featuring the word "MAGIC" for use in connection with course materials and educational services in the field of employee engagement services, in violation of the Lanham Act and the laws of the State of Connecticut.

　　　　2.　As set forth below, DecisionWise has trampled on Communico's trademark rights by adopting virtually the same mark "MAGIC" in connection with course materials and educational services in the employee engagement field in the United States. Members of the relevant trade have already expressed a mistaken belief that DecisionWise's products are in fact Communico's, or that the two companies are somehow related.  As a result, Communico is quickly losing the value of its trademarks, its product identity, and control over its goodwill and reputation.  Accordingly, the harm suffered by Communico as a result of DecisionWise's infringement and unfair competition is irreparable, and DecisionWise's wrongful activities will continue unless enjoined by the Court.

PARTIES

3. Communico is a corporation organized and existing under the laws of the State of Connecticut, having an address and principal place of business at 19 Ludlow Road, Suite 102 Westport, CT 06880.

4. Upon information and belief, DecisionWise is a Utah corporation having an address and principal place of business at 1971 North State Street, Provo, UT 84604.

JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338 and 15 U.S.C. § 1121.  The Court has supplemental jurisdiction over the state law and common law claims under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).

6. The Court may exercise personal jurisdiction over DecisionWise because it: (a) is doing business in this State; (b) has transacted business in this State and this judicial district; and (c) has committed tortious acts within the State of Connecticut by offering for sale and selling infringing goods within the State and this judicial district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

FACTS COMMON TO THE COUNTS

COMMUNICO'S VALUABLE "MAGIC" FAMILY OF TRADEMARKS

8. Communico is in the business of providing employee-training programs in the fields of customer relations, communication skills, leadership development, employee engagement and coaching.

9. Since 1986, Communico has made continuous and widespread use in commerce of trademarks featuring the mark "MAGIC" in connection with course materials and educational services, including, without limitation, "MAGIC," and "The MAGIC Of Customer Relations"

(collectively, the "MAGIC" Family of Trademarks").  Specifically, Communico asserts ownership of common law rights in the following trademarks, without limitation:

>   (a)  Since 1986, Communico has made continuous and widespread use of the "MAGIC" trademark in connection with course materials and educational services in the fields of customer relations and communication skills;

>   (b) Since 2007, Communico has made continuous and widespread use of the "THE MAGIC OF CUSTOMER RELATIONS" trademark in connection with course materials and educational services in the fields of customer relations and communication skills;

(Copies of product information and marketing materials featuring Communico's "MAGIC" Family of Trademarks are attached hereto at Tab A).

10. Communico owns U.S. Federal Trademark Registrations for two marks,  "MAGIC" and  "THE MAGIC OF CUSTOMER RELATIONS," for use in connection with both goods and services related to customer relations and communications skills.  Each of the trademarks became federally registered on March 15, 2011.  (Copies of Communico's federal trademark registrations are attached hereto at Tab B)

11. Communico's "MAGIC" Family of Trademarks are inherently distinctive to the public and the trade with respect to course materials and educational services related to employee-training programs in the fields of customer relations, communication skills, leadership development, employee engagement and coaching and, upon information and belief, the "MAGIC" Family of Trademarks serve primarily as a designator of origin of products emanating from, or sponsored or licensed by, Communico.

12. As a result of the promotion, marketing, advertising and use of the "MAGIC" Family of Trademarks during the past twenty-eight years, (a) the public and the trade have come to recognize the marks as exclusively identifying high quality goods and services emanating from a

single source of origin, and (b) said marks have gained secondary meaning and extensive goodwill.

**DECISIONWISE'S ACTS OF INFRINGEMENT AND UNFAIR COMPETITION**

13. Upon information and belief, DecisionWise provides employee-training programs in the fields of customer relations and communication skills throughout the United States.

14. Upon information and belief, DecisionWise provides nearly identical employee training programs and events to the same customer base as Communico.

15. In the fall of 2014, Communico discovered DecisionWise had recently published a book titled "MAGIC Five Keys to Unlock The Power of Employee Engagement." This was when Communico first discovered DecisionWise's use of the mark "MAGIC."

16. Upon information and belief, DecisionWise has been using the mark "MAGIC" and "Engagement MAGIC" throughout various parts of their employee training programs and advertising materials for some time, including as an acronym in the same manner as Communico uses the mark. (Copies of DecisionWise's use in commerce are attached hereto at Tab C).

17. Upon information and belief, DecisionWise filed an application with the US Patent and Trademark Office January 13, 2014 for the mark "Engagement MAGIC" in international classes 16, 35, and 41.

18. Upon information and belief, DecisionWise's "Engagement MAGIC" trademark became federally registered on September 2, 2014. (A copy of DecisionWise's federal trademark registration is attached hereto at Tab D).

19. By letter dated September 11, 2014, Communico communicated its objection to DecisionWise's continued marketing, promotion and sale of DecisionWise's "MAGIC" marks. (A copy of the letter is attached hereto at Tab E). After a telephone conference between the parties

Communico sent a second letter dated October 28, 2014 continuing its objection to DecisionWise's ongoing actions. (A copy of the letter is attached at Tab F). On October 31, 2014, DecisionWise's outside legal counsel responded to Communico's cease and desist letter in writing. (A copy of the letter is attached at Tab G). DecisionWise maintained that there was no likelihood of confusion and that the parties' marks could co-exist in the marketplace. On November 14, 2014, Communico responded by letter refuting DecisionWise's claims. (A copy of the letter is attached at Tab H).

20. Ultimately, the parties were unable to reach an agreement to resolve the trademark dispute.

21. Communico's "MAGIC" Family of Trademarks and DecisionWise's "Engagement MAGIC" marks are nearly identical and in all other respects are confusingly similar because they both emphasis the word "MAGIC".

22. The parties provide nearly identical employee training in the fields of customer relations, communication skills, leadership development, employee engagement and coaching to the same type of customers and within the same market. In fact, the parties share at least one common customer.

23. The continued use of DecisionWise's "MAGIC" marks is likely to cause confusion, mistake and/or deception as to the source of origin of the products and/or services in that the public, the trade and others are likely to believe mistakenly that Communico's products are in fact DecisionWise's products and/or services; and/or that the parties' products and/or services are provided by, sponsored by, approved by and/or licensed by the same source; and/or that DecisionWise, the junior user, has somehow provided, sponsored, approved or licensed Communico, the senior user of the "MAGIC" Family of Trademarks.

24. This confusion is not merely theoretical. It has already occurred and continues to

5

occur. On several occasions Communico's customers and potential customers have communicated a mistaken belief that DecisionWise's "MAGIC" materials and advertising are in fact Communico's, or that the parties were somehow affiliated or connected.

25. DecisionWise's continued sale of unauthorized, infringing products and advertising is depriving Communico of the ability to control the use of its valuable intellectual property. Communico has lost and will continue to lose its brand identity, product identity, corporate identity and control over its goodwill and reputation.

26. Moreover, Communico is very concerned that the company and its "MAGIC" brand will be tarnished by the mistaken association of the brand with DecisionWise.

27. The aforementioned acts of DecisionWise are willful and intentional in that DecisionWise knew that its use of the "MAGIC" Marks in the United States was identical and/or confusingly similar to Communico's "MAGIC" Family of Trademarks.

First Cause of Action

TRADEMARK INFRINGEMENT

28. Communico repeats and re-alleges each and every allegation of paragraphs 1 through 27 as though fully set forth herein.

29. DecisionWise's use of the "MAGIC" marks constitutes willful and deliberate infringement of Communico's federally registered trademark rights in and to the "MAGIC" Family of Trademarks in violation of the Lanham Act, 15 U.S.C. § 1114.

30. As a direct and proximate result of the foregoing acts of DecisionWise, Communico has been damaged and has suffered and will continue to suffer immediate and irreparable harm. Unless restrained by the Court, DecisionWise will continue to cause irreparable injury and damage to Communico and to the goodwill associated with Communico's "MAGIC" Family of

Trademarks.  Communico is without an adequate remedy at law.

## Second Cause of Action

### TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

31. Communico repeats and re-alleges each and every allegation of paragraphs 1 through 30 as though fully set forth herein.

32. DecisionWise's aforementioned acts constitute trademark infringement, false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

33. As a direct and proximate result of the foregoing acts of DecisionWise, Communico has been damaged and has suffered and will continue to suffer immediate and irreparable harm. Unless restrained by the Court, DecisionWise will continue to cause irreparable injury and damage to Communico and to the goodwill associated with Communico's "MAGIC" Family of Trademarks.  Plaintiff is without an adequate remedy at law.

## Third Cause of Action

### STATE UNFAIR COMPETITION

34. Communico repeats and re-alleges each and every allegation of paragraphs 1 through 33 as though fully set forth herein.

35. DecisionWise's aforementioned acts constitute unfair competition and unfair or deceptive acts or practices in violation of the Connecticut Unfair Trade Practices Act, Connecticut General Statutes §§ 42-110a, et seq.

36. Communico has been damaged by DecisionWise's aforementioned acts.

<u>Fourth Cause of Action</u>

<u>COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION</u>

37. Communico repeats and re-alleges each and every allegation of paragraphs 1 through 36 as though fully set forth herein.

38. DecisionWise's aforementioned acts constitute trademark infringement and unfair competition in violation of the common law of the State of Connecticut.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Communico prays that the Court enter judgment and relief against DECISIONWISE as follows:

A.      Preliminarily and permanently enjoining and restraining DecisionWise, its officers, directors, principals, agents, servants, employees, successors, parent companies, related entities and assigns, and all individuals acting in concert or participation with them, from:

 i) imitating, copying or making unauthorized use of the "MAGIC" Family of Trademarks;

 ii) manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, marketing, promoting or displaying any product bearing any unauthorized reproduction, copy or colorable imitation of the "MAGIC" Family of Trademarks;

 iii) using any unauthorized colorable imitation of the "MAGIC" Family of Trademarks in connection with the manufacture, importation, promotion, marketing, advertising, display, sale, offering for sale, production, circulation or distribution of any product;

iv) engaging in any other activity constituting unfair competition with Communico, or constituting an infringement of any of the "MAGIC" Family of Trademarks or of Communico's rights therein, or their right to exploit such trademarks; and,

v) engaging in any other conduct that is likely to cause confusion or to cause mistake or to deceive as to the source, affiliation, connection, or association of Communico's products with DecisionWise.

B.  Directing DecisionWise to use their best efforts to recall from the trade, including any and all customers, clients, distributors, wholesalers, dealers, retailers and all other third parties, any and all infringing products bearing the "MAGIC" Marks and/or any and all products bearing any other mark that is confusingly similar to the "MAGIC" Family of Trademarks, along with all marketing, advertising, promotional and sales materials used in connection with the "MAGIC" Marks and/or in the performance of DecisionWise's business.

C.  Directing DecisionWise to file with the Court and serve on counsel for Communico, within thirty days after entry of any injunction issued by the Court in this action, a sworn statement as provided in 15 U.S.C. § 1116 setting forth in detail the manner and form in which the DecisionWise have complied with the injunction.

D.  Directing DecisionWise to account for all gains, profits and advantages derived from the acts of infringement, false designation, unfair competition and for their other violations of law.

E.  Directing that DecisionWise be ordered to pay for Communico's actual damages according to proof and all profits realized by DecisionWise by reason of the unlawful acts by DecisionWise as set forth in this Complaint according to proof, pursuant to 15 U.S.C. § 1117.

F. Directing that DecisionWise be ordered to pay treble damages to Communico on account of their willful, intentional and bad faith conduct pursuant to 15 U.S.C. § 1117.

G.  Directing that DecisionWise be ordered to pay to Communico punitive and exemplary damages as provided by law.

H.  Directing that DecisionWise be ordered to pay to Communico its reasonable attorneys' fees, costs and disbursements incurred herein in view of DecisionWise's intentional and willful infringement, pursuant to 15 U.S.C. § 1117.

I.  Awarding Communico pre-judgment and post-judgment interest to the maximum extent provided by law.

J.  Awarding Communico such other and further relief as the Court may deem just and proper.

K. Requesting the Director of Trademarks of the USPTO to cancel DecisionWise's U.S. Federal Trademark Registration No. 4,596,379 for the mark ENGAGEMENT MAGIC on the ground of confusing similarity with Communico's trademarks.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all counts so triable.

## CERTIFICATION PURSUANT TO L.CIV.R. 11.2

Communico, by its undersigned attorney, hereby certifies that there is no other pending action or arbitration proceeding between the parties.  Communico further certifies that it presently has no knowledge of the names of other parties who should be but have not been joined in the within action.

Dated: Westport, Connecticut
December 17, 2014

        COMMUNICO LTD.

        By its Attorneys,

        *Edmund J. Ferdinand, III*
        _____
        Edmund J. Ferdinand, III, Esq. (21287)
        Ferdinand IP, LLC
        129 Post Road East
        Westport, Connecticut 06880
        (203) 557-4224 (phone)
        (203) 905-6747 (fax)
        JFerdinand@24iplg.com